E filing

1  JOHN A. RUSSO, City Attorney – State Bar #129729
   RANDOLPH W. HALL, Chief Assistant City Attorney – State Bar #080142
2  RACHEL WAGNER, Supervising Trial Attorney – State Bar #127246
   INES FRAENKEL, Deputy City Attorney – State Bar #108113
3  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California 94612
4  Telephone:  (510) 238-6512
   Facsimile:  (510) 238-6500
5  Email:  ivfraenkel@oaklandcityattorney.org
   X02983:423512
6
   Attorneys for Defendant
7  CITY OF OAKLAND

*ORIGINAL FILED*
*NOV - 9 2007*
*RICHARD W. WIEKING*
*CLERK U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*OAKLAND*

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  CRISTOBAL ZAMUDIO,                    Case No. C07-05713

12              Plaintiff,                DEFENDANT'S PETITION FOR
                                          REMOVAL TO FEDERAL COURT
13       v.

14  CITY OF OAKLAND, et al.,

15              Defendant.

ADR
WDB

16

17       Petitioner Defendant City of Oakland submits its Petition for Removal to Federal

18  Court as follows:

19       1.       Defendant desires to exercise its rights under the provisions of Title 28

20  U.S.C. §1441, et seq., to remove this action from the Superior Court of the State of

21  California, County of Alameda, Unlimited Jurisdiction, where this action is now pending as

22  *Cristobal Zamudio v. City of Oakland, Superior Court Consolidated Action Nos. RG06-*

23  *302481 (lead case) and RG07-340422.*

24       2.       This is an action of a civil nature in which the U.S. District Courts have been

25  

26  given original jurisdiction in that it arises, in part, under the laws of the United States, as

DEFENDANT'S PETITION FOR REMOVAL
TO FEDERAL COURT

provided in 28 U.S.C. §1331 and further, in that it arises out of Acts of Congress known as Title VII of the Civil Rights Act of 1964, as amended.

3. The date on or before which this defendant is required by the California Code of Civil Procedure and the Rules of Alameda County Superior Court to answer or otherwise respond to Plaintiff's Complaint Action No. RG07-340422.which gave rise to defendant's right to remove, has not yet lapsed. Plaintiff's Complaint was served on October 10, 2007. This Petition for Removal is filed in accord with the requirements of 28 U.S.C. §1446.

4. Pursuant to provisions of 28 U.S.C. §1446, Defendant attaches herewith and incorporates herein by reference, copies of the following documents served upon them in this consolidated action:

(a)    Summons and Complaint, Action No. RG06-302481 (lead case);

(b)    Summons and Complaint, Action No. RG07-340422;

(c)    Order of Alameda County Superior Court Judge Richard Keller dated October 24, 2007, which consolidated these actions.

5. As declared above, Defendant desires and is entitled to have this action removed from the Superior Court of the State of California, County of Alameda, to the U.S. District Court for the Northern District of California, as such district is the district where the suit is pending. Defendant will pay all costs and disbursements incurred by reason of these removal proceedings, should it be determined that this action was not removable or was improperly removed.

6. Written notice of the filing of this Petition will be given to all parties to this action as required by law.

- 2 -

DEFENDANT'S PETITION FOR REMOVAL
TO FEDERAL COURT

7. A true copy of this petition will be filed with Alameda County Superior Court as required by law.

6. Defendant City of Oakland respectfully requests that this action be removed to the U.S. Northern District Court and that the Court accept jurisdiction of this action. It also requests that this action be placed on the docket of this Court for further proceedings as if this action had been originally filed in this Court.

Dated: November 9, 2007

Respectfully submitted,

JOHN A. RUSSO, City Attorney
RACHEL WAGNER, Supervising Deputy City Attorney
INÉS VARGAS FRAENKEL, Deputy City Attorney

By: _____

Attorneys for Defendant and Petitioner
CITY OF OAKLAND

DEFENDANT'S PETITION FOR REMOVAL
TO FEDERAL COURT

EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
CITY OF OAKLAND, A Public Entity,
DOES 1 TO 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
CRISTOBAL ZAMUDIO

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

ENDORSED
FILED
ALAMEDA COUNTY

DEC 21 2006

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*<br>Alameda County Superior Court<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso)* RG06302481 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:

Michael C. Cohen; 65487
1814 Franklin Street, Suite 900
510-832-6436

LAW OFFICES OF MICHAEL C. COHEN
Oakland, CA 94612

| DATE:<br>*(Fecha)* DEC 21 2006 | PAT S. SWEETEN | Clerk, by<br>*(Secretario)* | Esther Coleman | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :
3. ☒ on behalf of *(specify)* : *City of Oakland*

    under: ☐ CCP 416.10 (corporation)
    ☐ CCP 416.20 (defunct corporation)
    ☐ CCP 416.40 (association or partnership)
    ☒ other *(specify)* : *Public Entity*

    ☐ CCP 416.60 (minor)
    ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.90 (authorized person)

4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Zamudio v. City of Oakland

*5351912*

1  Michael C. Cohen, Esq., Bar No. 65487
   **LAW OFFICES OF MICHAEL C. COHEN**
2  1814 Franklin Street, Suite 900
   Oakland, CA 94612
3  (510) 832-6436

4  Attorneys for Plaintiff

# FILED
ALAMEDA COUNTY

DEC 1 5 2006

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

10  CRISTOBAL ZAMUDIO,

                              Case No. RG06302481
11
                Plaintiff,    COMPLAINT FOR VIOLATION OF
12                            STATE STATUTES PROHIBITING
    vs.                       EMPLOYMENT DISCRIMINATION
13
    CITY OF OAKLAND, A PUBLIC
14  ENTITY, DOES 1 to 10,
    inclusive
15
                Defendants.
16  _____/

17
                    **GENERAL ALLEGATIONS**
18
          Plaintiff, Cristobal Zamudio, alleges:
19
          1.   Plaintiff Cristobal Zamudio (hereinafter referred to as
20
    "Plaintiff") is an adult male, born in Mexico, who at all
21
    relevant times lived and worked in the county of Alameda, state
22
    of California.
23
          2.   Defendant City of Oakland, (hereinafter referred to as
24
    Defendant) at all times mentioned herein is a municipal
25
    subdivision of the State of California, a Public Entity, situated
26
    within the county of Alameda.
27

28  Complaint                      -1-

1       3.    Plaintiff is ignorant of the true names and capacities

2   of the defendants sued herein as DOES 1 to 10, inclusive and

3   therefore sues these defendants by such fictitious names.

4   Plaintiff will amend this complaint to allege their true names

5   and capacities when ascertained.  Plaintiff is informed and

6   believes and thereon alleges that each of the fictitiously named

7   defendants is responsible as hereinafter shown for the

8   occurrences and injuries alleged in this complaint.

9       4.    Plaintiff is informed and believes, and thereon

10  alleges, that at all times herein mentioned, each DOE, defendant

11  named herein was the agent and/or employee of the remaining DOE

12  defendants, and in doing the things hereinafter alleged, was

13  acting within the course and scope of such agency and/or

14  employment.

15      5.    The unlawful employment practices complained of herein

16  occurred in Alameda County, state of California.

17      6.    Plaintiff is a person protected by the California Fair

18  Employment and Housing Act, Government Code §§ 12926, 12940 et

19  seq., and also of Title VII of the Civil Rights Acts, as amended

20  in 1964, in that he is a member of a racial minority group, he

21  was born in Mexico and he has a physical disability and/or mental

22  disability and/or emotional disability, and or a perceived

23  disability, which limits a major life activity; he can perform

24  the essential duties of his job, with or without a reasonable

25  accommodation.

26      7.    Defendant is an employer, which at all relevant times

27  did business in Alameda county, State of California, and is an

28  Complaint                  -2-

1  entity subject to suit under the California Fair Employment and

2  Housing Act, Government Code §12900 et seq., and subject to Title

3  VII of the Civil Rights Act, as amended in 1964, in that

4  defendant is an employer who at all relevant times regularly

5  employed more than fifty (50) people.

6      8.  At all times referred to herein, Plaintiff is of

7  Mexican ancestry.  He started working for Defendant in 1991 and

8  he has been continuously employed by Defendant until today.  He

9  became a Gardner Crew Leader (Class code 5303, Rep. Unit C, CSB

10  Status :  CC) in 2000.  He has performed his job duties

11  satisfactorily and complied with all of the terms and conditions

12  of his employment.  Except as otherwise alleged herein he was

13  able to perform the essential duties of his job.

14      9.  Plaintiff was injured on the job, applied for and

15  received workers' compensation benefits. ("WC benefits").  He

16  sustained injuries to his arm knees and back which required him

17  to take off work temporarily.

18      10.  On or a about December 15, 2005, Plaintiff filed a

19  complaint with Department of Fair Employment and Housing,

20  (hereinafter referred to as "DFEH") alleging employment

21  discrimination.  A copy of his DFEH complaint is marked as

22  Exhibit A, attached hereto and incorporated herein by this

23  reference.

24      11.  On or about January 3, 2006, Plaintiff filed an

25  employment discrimination complaint with Equal Employment

26  Opportunity Commission, (hereinafter referred to as "EEOC").  A

27  copy of his DFEH complaint is marked as Exhibit B, attached

28  Complaint                    -3-

1 | hereto and incorporated herein by this reference.

2 | 12. On or about December 20, 2006, Plaintiff received a

3 | "Right To Sue Letter" from DFEH, pertaining to complaint

4 | E200506M0861-00- prc. A copy is marked as Exhibit C, attached

5 | hereto and incorporated herein by this reference.

6 | 13. On or about January 26, 2006, Plaintiff received a

7 | "Right To Sue Letter" from DFEH, pertaining to complaint 376-

8 | 2006-00268. A true and correct copy is marked as Exhibit D,

9 | attached hereto and incorporated herein by this reference.

10 | 14. On or about March 9, 2006, Plaintiff filed an

11 | amendment to his employment discrimination complaint with EEOC &

12 | DFEH, alleging discrimination based on retaliation for filing his

13 | original employment discrimination complaint. A true and correct

14 | copy is marked as Exhibit E, attached hereto and incorporated

15 | herein by this reference.

16 | 15. Plaintiff exhausted his administrative remedy

17 | before filing his lawsuit herein.

18 | 16. Defendant, despite knowledge and or adequate

19 | opportunity to learn of the misconduct of its agents and or

20 | employees, retained said defendants, agents and or employees in

21 | its service, and thereafter adopted, approved and ratified the

22 | acts, omissions and misconduct of said employees.

23 | 17. The conduct of defendants, and each of them, alleged

24 | herein was willful, wanton, malicious, and oppressive, in that

25 | they knew or should have known that their conduct was

26 | unreasonable and illegal. Furthermore, defendants' acts were

27 | carried out in willful and conscious disregard of plaintiff's

28 | Complaint                                    -4-

1  rights and well-being such as to constitute malicious, despicable

2  conduct within the meaning of California Civil Code §3294,

3  entitling plaintiff to punitive damages in an amount appropriate

4  to punish or make an example of defendants.

5      18.  Plaintiff has been proximately caused to retain an

6  attorney to represent her, because of the acts of defendants,

7  alleged herein.  The amount of attorney fees has not been fully

8  determined at this time; the amount of attorney fees will be

9  shown according to proof at the time of trial.

10     19.  As a proximate cause of Defendant's conduct, Plaintiff

11  has suffered emotional distress, worry, anxiety, loss of income,

12  incurred medical expenses, and incurred attorney fees, and is

13  reasonably certain to suffer emotional distress, lose income,

14  incur medical expenses and attorney fees in the future.

**FIRST CAUSE OF ACTION**

**GOVERNMENT CODE §§12920, 12921, and 12940 et seq**

17     20.  Plaintiff realleges and incorporates by reference

18  Paragraphs 1 through 19 of the Complaint as though fully set

19  forth at length herein.

20     21.  Defendants, and each of them, violated Plaintiff's

21  legal rights by doing the acts complained of herein; said acts

22  include but are not limited to:

23     a.  Failure to reasonably accommodate Plaintiff pertaining

24  to Plaintiff's disability;

25     b.  Discriminating against Plaintiff on the job because of

26  Plaintiff's medical condition and/or disability, and or race, and

27  or national origin, and or ethnicity, and or retaliation for

28  Complaint                    -5-

1  filing workers compensation claim, and or retaliation for filing

2  employment discrimination complaint;

3      c.   Harassing plaintiff on the job by creating a hostile

4  work environment for Plaintiff, because of Plaintiff's medical

5  condition and/or disability, and or race, and or national origin,

6  and or ethnicity, and or retaliation;

7      d.   Failure to take immediate and appropriate corrective

8  action to remedy the unlawful employment discrimination and or

9  harassment and/or retaliation;

10      e.   Failure to take all reasonable steps necessary to

11  prevent discrimination and or harassment and or retaliation from

12  occurring on the job;

13      f.   Constructively terminating Plaintiff's employment by

14  not allowing Plaintiff to return to work;

15      g.   Terminating plaintiff's employment, in bad faith and

16  under false pretenses by refusing to allow Plaintiff to return to

17  work.

18      22.   In doing each and all of the acts alleged herein, said

19  Defendant, intentionally, willfully, and without justification,

20  attempted to and did deprive Plaintiff of her rights, privileges

21  and immunities secured to her by the Constitution and laws of the

22  State of California, particularly her right to be free from

23  discrimination and/or harassment and/or retaliation in employment

24  on the grounds of medical condition and/or disability as provided

25  by Government Code §§ 12920, 12921, 12940, et seq..

26                      **PRAYER**

27      **WHEREFORE**, Plaintiff prays for judgement against all

28  Complaint                                    -6-

Defendants, and each of them as follows:

    1.  Compensatory and special damages, including damages for mental and emotional distress, in an amount to be determined at the time of trial;

    2.  Special damages including Lost income, past and future; medical expenses, past and future;

    3.  Punitive and exemplary damages in an amount appropriate to punish and/or make an example of the Defendants sued individually herein to be determined at trial;

    4.  Reasonable attorney fees;

    5.  Costs of suit incurred herein;

    6.  Prejudgment interest at the legal rate on the amount of Plaintiff's lost wages and employment benefits; and

    7.  Such other and further relief as the Court deems just and proper.

Dated: December 15, 2006    LAW OFFICES OF MICHAEL C. COHEN

By: *Michael C. Cohen*
MICHAEL C. COHEN,
Attorney for Plaintiff

Complaint                    -7-

**\* \* \* EMPLOYMENT \* \* \***

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH #  _____

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)

Mr. Cristobal Zamudio                          TELEPHONE NUMBER (INC  510-452-3192

ADDRESS

414 East 15th Street, #8

CITY/STATE/ZIP

Oakland, CA 94606                          COUNTY  Alameda

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME

City of Oakland                          TELEPHONE NUMBER (In  510-238-3500

ADDRESS

150 Frank Ogawa Plaza, 2nd Floor                          DFEH US

CITY/STATE/ZIP

Oakland, CA 94612                          COUNTY  Alameda          COUNTY

NO. OF EMPLOYEES/MEMBERS (if known)  over 500

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)  January 2005-Nov. 200          RESPONDEN

THE PARTICULARS ARE:

On May 31, 2005 I was
___ fired
_X_ laid off
___ demoted
___ harassed
___ genetic characteristics testing
___ forced to quit

___ denied employment
___ denied promotion
___ denied transfer
_X_ denied accommodation
___ impermissible non-job-related inquiry
___ other (specify)

___ denied family or medi
___ denied pregnancy leav
___ denied equal pay
___ denied right to wear p
___ denied pregnancy acco

by City of Oakland- Barbara Holmes and Isabel Barragan
    Name of Person (supervisor/manager/personnel director/etc.)  Job Title

because of my:
___ sex        _X_ national origin/ancestry    _X_ physical disability    ___ cancer
___ age        ___ marital status              ___ mental disability      ___ genetic characteristic
___ religion   ___ sexual orientation                                                              (Circle one) filing;
___ race/color ___ association                _X_ other (specify) Retaliation for filing    protesting; participating in
                                                                                            investigation (retaliation for)

the reason given by  I could not perform full range of workers' comp claim
                     job duties.        Name of Person and Job Title

Was because of
[please state
what you believe
to be reason(s)]

Barbara Holmes/Isabel Barragan said: I could not perform the full range of my job duties.

I believe it was because of my nationality and physical disability and in retaliation for filing wc claim.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I m visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process o reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  November 25, 2005

At  Oakland, CA
    City

_(signature)_                          COMPLAINANT'S SIGNATURE

DATE FILED:          Exhibit A

DFEH-300-03 (01/03)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                          STATE OF CALIFORI

## Complaint

Dated: December 15, 2005

Complainant/Charging Party:

Mr. Cristobal Zamudio
414 East 15th Street, #8
Oakland, CA 94606
Tel. 510-452-3192

Employer:

City of Oakland
Contact: Ms. Isabel Barragan
Equal Opportunity Specialist
150 Frank Ogawa Plaza, 2nd Floor
Oakland, CA 94612
Tel. 510-238-3500

### Summary of Complaint:

I was injured on the job and filed a workers' compensation claim. I was off work for a while and returned in January 2005. In May 2005, I was sent home and told not to report to work due to my physical disability and medical condition. I was not allowed to return to work until November 2005. My employer treated me differently because of my nationality and my physical disability. The City failed to engage in an interactive process with me when it regarded me as having a disability. I was laid off (told not to report to work) in retaliation for filing a workers' compensation claim.

### Description of Complaint:

I am of Mexican ancestry. I started working for the City of Oakland ("City") in 1991. I have worked in a full time capacity as a Gardner Crew Leader (Class Code 5303, Rep. Unit C, CSB Status: CC) since 2000. I was injured on the job, applied for and received workers' compensation benefits ("WC benefits"). I sustained injuries to my arm, knees, and back. After numerous surgeries, I was I was released to return to work. I returned to work in early January 2005. My doctor determined that I had a permanent weightlifting restriction. I informed my employer that I was prohibited from lifting 50 lbs. or more. My medical condition substantially limited at least one major life activity – lifting. I provided my employer with written notice of this permanent medical restriction. I did not request reasonable accommodation in order to perform my essential job duties.

Upon return to work, my employer required that I participate in its Transitional Duty Program – Public Works Agency. While in this program I worked in my regular job classification and performed all my customary, ordinary, and usual job duties as Gardner Crew Leader. While in this program I did not request nor did I receive any reasonable accommodation in order to perform my essential job duties. Mr. Roy Morgan informed Ms. Barbara Holmes my employer's workers' compensation benefits coordinator that

Page 2

upon my return to work, and at all times after I returned to work, I had in fact performed all of my regular, customary, and required job duties without any reasonable accommodation, and that my medical restrictions had not impacted my ability to perform any of my job duties. I worked the full range of job duties required in my usual, customary, and regular job position.

On or about May 31, 2005, while I was at work, I was informed that "the Transitional Duty assignment [ended] on Friday, May 27, 2005." I was "instructed not to report to work on Tuesday, May 31, 2005." I was informed that if I sought "information regarding retirement eligibility" I should contact Jean Harris at 510-238-6479. The City regarded me as having a physical disability. The City regarded me as having a record of physical disability. After May 31, 2005, my employer failed to engage in an interactive process with me to determine a reasonable accommodation for my perceived physical disability.

In June 2005, I again provided medical documentation to my employer notifying it that I was released to work to perform my full range of job duties, and that after review of my job description, my doctor was of the opinion that my weightlifting restrictions did not affect my job and I did not need any accommodation in order to perform my job.

Between May 31, 2005 and November 1, 2005, the City failed to engage in a substantive interaction with me to determine a reasonable accommodation given its perception and belief that I was disabled. Rather, the City required that I not report to work from May 2005 until the City authorized my return to work in November 2005. The City regarded me as having a disability. The City discriminated against me because of my physical disability. The City treated me differently than it treated employees it did not regard as having a disability. The City treated me differently than it treated employees who did not have a physical disability. The City treated me differently than it treated employees who were not of Mexican ancestry. I was retaliated against for filing a workers' compensation claim. I was lost income from May 2005 through early November 2005 due the City's unlawful discrimination. I suffered emotional and mental distress due to the City's unlawful discrimination.

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s |
|---|---|---|

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

☐ FEPA

☒ EEOC    376-2006-00268

**California Department Of Fair Employment & Housing**    and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birt |
|---|---|---|
| Mr. Cristobal Zamudio | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 414 East 15th Street, #8, Oakland, CA 94606 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area C |
|---|---|---|
| CITY OF OAKLAND | 201 - 500 | (510) 238-6468 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 150 Frank Ogawa Plaza 2nd Fl, Oakland, CA 94612 | | |

| Name | No. Employees, Members | Phone No. (Include Area Co |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest    Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**See Attachments**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Dec 20, 2005
*Date*    *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year )*

Exhibit B

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Gove

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov



December 20, 2005


Marguerite M Malloy
Attorney
LAW OFFICE OF MICHAEL C COHEN
1814 Franklin #900
Oakland, CA 94612

RE:    E200506M0861-00-prc
       ZAMUDIO/OAKLAND, CITY OF

Dear Marguerite M Malloy:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 16, 2005 because an immediate right-to-sue notice was requested.  DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint.  The civil action must be
filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Exhibit C

Notice of Case Closure
Page Two

The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Dorothy Padilla
District Administrator

cc:    Case File

H R Department
OAKLAND, CITY OF
150 Frank Ogawa Plaza 2nd Fl
Oakland, CA  94612

DFEH-200-43 (04/03)

STATE OF CALIFORNIA - State and Consumer Servi___ __ency.                                          ARNOLD SCHWARZENEGG___

# DEPARTMENT OF FA__ EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

☐ 1001 Tower Way, Suite 250
H   Bakersfield, CA 93309
    (661) 395-2729

☐ 1320 E. Shaw Avenue, Suite 150
C   Fresno, CA 93710
    (559) 244-4760

☐ 611 West Sixth Street, Suite 1500
S/T Los Angeles, CA 90017
    (213) 439-6799

☒ 1515 Clay Street, Suite 701
M   Oakland, CA 94612
    (510) 622-2941

☐ 2000 "O" Street, Suite 120
E   Sacramento, CA 95814
    (916) 445-5523

☐ 1350 Front Street, Suite 3005
D   San Diego, CA 92101
    (619) 645-2681

☐ San Francisco District Office
A   1515 Clay Street, Suite 701
    Oakland, CA 94612
    (510) 622-2973

☐ 111 North Market Street, Suite 810
G   San Jose, CA 95113
    (408) 277-1277

☐ 2101 East Fourth Street, Suite 255-B
K   Santa Ana, CA 92705
    (714) 558-4266

EEOC Number:
Case Name:
Date:

376-2006-00268
Cristobal Zamudio v. City of Oakland
January 26, 2006

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred __ the California Department of Fair Employment and Housing (DFEH) by the U__ Equal Employment Opportunity Commission (EEOC). The complaint will be __ in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH wil__ not be conducting an investigation into this matter. EEOC should be contact__ directly for any discussion of the charge. DFEH is closing its case on the bas__ of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-s__ notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in __ State of California Superior or Justice Court. Government Code section 1296__ subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult a attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

**Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.**

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

Exhibit D

DFEH-200-02 (07/05)

# LAW OFFICES of MICHAEL C. COHEN
## PROFESSIONAL CORPORATION
*1814 Franklin Street, Suite 900*
*Oakland, California 94612*
*Telephone: (510) 832-6436*
*Facsimile: (510) 832-6439*

*Michael C. Cohen, Esq.*

*Kerry A. Renn, Esq.*
*Sherry Abrams, Esq.*
*Michael E. Finein, Esq.*
*Marguerite M. Malloy, Esq.*

January 3, 2006

*Veronica Garcia, Admin. Asst.*
*Sophia Beltran, Legal Asst.*

Ms. Tina Bonaparte
ADR Coordinator
EEOC
350 The Embarcadero, Suite 500
Oakland, CA 94105

RE:     Zamudio v. City of Oakland

Dear EEOC:

    Attached please find the Amendment to our client's EEOC Complaint. Please forward written notice of receipt of this amendment.

    If you have any questions regarding this communication, please contact the undersigned.  Thank you for your attention to this matter.

Very truly yours,

LAW OFFICES OF MICHAEL C. COHEN

Marguerite M. Malloy

Enclosure

Exhibit E

## Complaint
Dated: March 7, 2006

Complainant/Charging Party:    Mr. Cristobal Zamudio
414 East. 15th Street, #8
Oakland, CA 94606
Tel. 510-452-3192

Employer:    City of Oakland
Contact:. Ms. Isabel Barragan
Equal Opportunity Specialist
150 Frank Ogawa Plaza, 2nd Floor
Oakland, CA 94612
Tel. 510-238-3500

---

### Summary of Complaint:

I was retaliated against by the City of Oakland after filing my complaint with this agency. I was denied the right to change treating doctors in my workers' compensation case; I was denied prescription medication I have received for a number of years as prescribed by my workers' compensation physician; my employer failed to provide reasonable accommodation for my disability/medical condition/disability after I notified the City of the work restrictions my physician prepared; and I was told to leave work and not to return after I submitted the work restrictions prepared by my doctor. I have lost wages and benefits, suffered worry, frustration, anxiety, humiliation, and mental, physical and emotional distress.

### Description of Complaint:

I was notified that my primary treating doctor was retiring. I therefore requested to change my treating doctors under my workers' compensation case in December 2005. I was denied the right to change doctors. I have knowledge and believe that Barbara Holmes and other City employees have as a primary job duty, communication, coordination, and interaction with workers' compensation insurance adjusters. I believe that City employees communicated with workers' compensation insurance adjusters/agents and informed them not to authorize prescription medication for me, and to deny (or ignore) my requests to change primary treating doctors. I was without medication since the denial of my requests. I began to feel unbearable pain.

I reported to work in pain, and performed my job duties. The pain did not improve. I was assigned to work with a new employee. I complained to my supervisor Roy Morgan about the job performance of the new employee. After I complained, I was told that the co-worker would be reassigned, but if the new employee assigned to work with me had

any complaints about me, I would be demoted. I am informed and believe that my supervisor Roy Morgan had knowledge that I filed a complaint with this agency.

I was in so much pain at work that I was sent to the City's doctor for evaluation. At that time, I was informed that I had sustained injury to my lumbar. I was issued work restrictions and I returned to work. I submitted the doctor determined work restrictions and was told to go home. My employer perceived me as disabled and having a medical condition and/or physical disability. My employer failed to engage in a substantive interactive process to determine a reasonable accommodation for my disability/medical condition/physical disability. My employer told me to go home and not to report to work. I have not received my wages since on or about February 2, 2006.

I declare the above under penalty of perjury under the laws of the State of California.

Executed: March 9, 2006 _____

Cristobal Zamudio

EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
CITY OF OAKLAND, A PUBLIC ENTITY, DOES 1 TO 10,

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 3 2007

CLERK OF THE SUPERIOR COURT
By ~~(illegible)~~

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
CRISTOBAL ZAMUDIO

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):* RG07340422

510-832-6436

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael C. Cohen, Esq.          LAW OFFICES OF MICHAEL C. COHEN
1814 Franklin Street, Suite 900     Oakland, CA 94612
510-832-6436     PAT & SWEETEN

DATE:     8/13/07     Clerk, by     R. Mishra     , Depu
*(Fecha)*     *(Secretario)*     *(Adjun*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☒ on behalf of *(specify)*: City of Oakland
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☒ other *(specify)*: Public Entity
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Zamudio v. City of Oakland

1    Michael C. Cohen, Esq., Bar No. 65487
     **LAW OFFICES OF MICHAEL C. COHEN**
2    1814 Franklin Street, Suite 900
     Oakland, CA 94612
3    (510) 832-6436

4    Attorneys for Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 3 2007

CLERK OF THE SUPERIOR COURT
By   _RL_    ~..

5

6

7          SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

                 UNLIMITED JURISDICTION

8

9

10   CRISTOBAL ZAMUDIO,

11                     Case No.    **RG07340422**

12            Plaintiff,     COMPLAINT FOR VIOLATION OF
                             STATE AND FEDERAL LAWS
13   vs.                         PROHIBITING EMPLOYMENT
                             DISCRIMINATION
14   CITY OF OAKLAND, A PUBLIC
     ENTITY, DOES 1 to 10,

15            Defendants.

16   _____/

17                  **GENERAL ALLEGATIONS**

18      Plaintiff, Cristobal Zamudio, alleges:

19      1.    Plaintiff Cristobal Zamudio (hereinafter referred to as

20   "Plaintiff") is an adult male, born in Mexico, who at all

21   relevant times lived and worked in the county of Alameda, state

22   of California.

23      2.    Defendant City of Oakland, (hereinafter referred to as

24   Defendant) at all times mentioned herein is a municipal

25   subdivision of the State of California, a Public Entity, situated

26   within the county of Alameda.

27

28   Complaint                 -1-

1    3.   Plaintiff is ignorant of the true names and capacities

2 of the defendants sued herein as DOES 1 to 10, inclusive and

3 therefore sues these defendants by such fictitious names.

4 Plaintiff will amend this complaint to allege their true names

5 and capacities when ascertained.  Plaintiff is informed and

6 believes and thereon alleges that each of the fictitiously named

7 defendants is responsible as hereinafter shown for the

8 occurrences and injuries alleged in this complaint.

9    4.   Plaintiff is informed and believes, and thereon

10 alleges, that at all times herein mentioned, each DOE, defendant

11 named herein was the agent and/or employee of the remaining DOE

12 defendants, and in doing the things hereinafter alleged, was

13 acting within the course and scope of such agency and/or

14 employment.

15    5.   The unlawful employment practices complained of herein

16 occurred in Alameda County, state of California.

17    6.   Plaintiff is a person protected by the California Fair

18 Employment and Housing Act, Government Code §§ 12926, 12940 et

19 seq., and also of Title VII of the Civil Rights Acts, as amended

20 in 1964, in that he is a member of a racial minority group, he

21 was born in Mexico and he has a physical disability and/or mental

22 disability and/or emotional disability, and or a perceived

23 disability, which limits a major life activity; he can perform

24 the essential duties of his job, with or without a reasonable

25 accommodation.

26    7.   Defendant is an employer, which at all relevant times

27 did business in Alameda county, State of California, and is an

28 Complaint                           -2-

1    entity subject to suit under the California Fair Employment and

2    Housing Act, Government Code §12900 et seq., and subject to Title

3    VII of the Civil Rights Act, as amended in 1964, in that

4    defendant is an employer who at all relevant times regularly

5    employed more than fifty (50) people.

6        8.    At all times referred to herein, Plaintiff is of

7    Mexican ancestry.  He started working for Defendant in 1991 and

8    he has been continuously employed by Defendant until today.  He

9    became a Gardner Crew Leader (Class code 5303, Rep. Unit C, CSB

10   Status : CC) in 2000.  He has performed his job duties

11   satisfactorily and complied with all of the terms and conditions

12   of his employment.  Except as otherwise alleged herein he was

13   able to perform the essential duties of his job.

14       9.    Plaintiff was injured on the job, applied for and

15   received workers' compensation benefits. ("WC benefits").  He

16   sustained injuries to his arm knees and back which required him

17   to take off work temporarily.

18       10.   Plaintiff was off work for a while and returned in

19   January 2005.  In May 2005, he was sent home and told not to

20   report to work due to his physical disability and medical

21   condition.  He was not allowed to return to work until November

22   2005.  Defendant treated plaintiff differently because of

23   plaintiff's nationality and his physical disability.  Defendant

24   failed to engage in an interactive process with plaintiff when it

25   regarded him as having a disability.  Plaintiff was laid off,

26   (told not to report to work) in retaliation for filing a workers'

27   compensation claim.

28   Complaint                    -3-

1    11.   After numerous surgeries, plaintiff was released to

2    return to work.  Plaintiff returned to work in early January

3    2005.  His doctor determined that he had a permanent

4    weightlifting restriction.  Plaintiff informed his employer that

5    he was prohibited from lifting 50lbs. or more.  Plaintiff's

6    medical condition substantially limited at least one major life

7    activity-lifting.  Plaintiff provided his employer with written

8    notice of this permanent medical restriction.  Plaintiff did not

9    request reasonable accommodation in order to perform his

10   essential job duties.

11   12.   Upon return to work, plaintiff's employer required that

12   plaintiff participate in its Transitional Duty Program-Public

13   Works Agency.  While in this program Plaintiff worked in his

14   regular job classification and performed all his customary,

15   ordinary, and usual job duties as Gardner Crew Leader.  While in

16   this program plaintiff did not request nor did he receive any

17   reasonable accommodation in order to perform his essential job

18   duties.  Mr. Roy Morgan informed Ms. Barbara Holmes his

19   employer's workers' compensation benefits coordinator that upon

20   plaintiffs return to work, and at all times after plaintiff

21   returned to work, plaintiff had in fact performed all of his

22   regular, customary, and required job duties without any

23   reasonable accommodation, and that plaintiff's medical

24   restrictions had not impacted his ability to perform any of his

25   job duties.  Plaintiff worked the full range of job duties

26   required in his usual, customary, and regular job position.

27   13.   At all times mentioned herein, Roy Morgan, and Barbara

28   Complaint                    -4-

1  Homes were agents and employees of Defendant, acting in the

2  course and scope of such agency and or employment.

3      14.  On or about May 31, 2005, while plaintiff was at work,

4  plaintiff was informed that "the Transitional Duty assignment

5  ended on Friday, May 27, 2005." Plaintiff was "instructed not to

6  report work on Tuesday, May 31, 2005." Plaintiff was informed

7  that if he sought "information regarding retirement eligibility"

8  he should contact Jean Harris at 510-238-6479.  Defendant

9  regarded plaintiff as having a physical disability.  Defendant

10 regarded plaintiff as having a record of physical disability.

11 After May 31, 2005, plaintiff's doctor failed to engage in an

12 interactive process with plaintiff to determine a reasonable

13 accommodation for plaintiff's perceived physical disability.

14     15.  In June 2005, plaintiff again provided medical

15 documentation to his employer notifying it that plaintiff was

16 released to work to perform his full range of job duties, and

17 that after review of his job description, his doctor was of the

18 opinion that plaintiff's weightlifting restrictions did not

19 affect his job and he did not need any accommodation in order to

20 perform his job.

21     16.  Between May 31, 2005 and November 1, 2005, Defendant

22 failed to engage in a substantive interaction with plaintiff to

23 determine a reasonable accommodation given its perception and

24 belief that plaintiff was disabled.  Rather, Defendant required

25 that plaintiff not report to work from May 2005 until the City

26 authorized his return to work in November 2005.  Defendant

27 regarded plaintiff as having a disability.  Defendant

28 Complaint                          -5-

1  discriminated against plaintiff because of plaintiff's physical

2  disability.  Defendant treated plaintiff differently than it

3  treated employees it who did not have a physical disability.

4  Defendant treated plaintiff differently than it treated employees

5  who were not of Mexican ancestry.  Plaintiff was retaliated

6  against for filing a workers' compensation claim.  Plaintiff lost

7  income from May 2005 through early November 2005 due to

8  Defendant's unlawful discrimination.  Plaintiff suffered

9  emotional and mental distress because of Plaintiff's unlawful

10 discrimination.

11      17.  Plaintiff filed a complaint, (3762006268) with the

12 Equal Employment Opportunity Commission, (hereinafter referred to

13 as EEOC) alleging the facts contained in paragraphs 9 through 16,

14 herein, on or about December 20, 2005.  A copy of the EEOC

15 complaint is marked Exhibit A, attached hereto and incorporated

16 herein by this reference.

17      18.  On or about May 21, 2007, EEOC issued plaintiff a Right

18 To Sue Letter for complaint 376200600268.  A copy of the EEOC

19 Right To Sue Letter is marked Exhibit A-1, attached hereto and

20 incorporated herein by this reference.

21      19.  Plaintiff filed his lawsuit herein within ninety (90)

22 days of receipt of the Right To Sue Letter from EEOC.

23      20.  Defendant's conduct alleged herein violates Title VII

24 of the 1964 Civil Rights Act, as amended.

25      21.  Plaintiff was retaliated against by Defendant after

26 filing his discrimination complaint with the EEOC and or DFEH.

27 Plaintiff was denied the right to change treating doctors in his

28 Complaint                      -6-

1   workers' compensation case. Plaintiff was denied prescription

2   medication plaintiff received for a number of years as prescribed

3   by his workers' compensation physician. Plaintiff's employer

4   failed to provide reasonable accommodation for plaintiff's

5   disability/medical condition/disability after plaintiff notified

6   Defendant of the work restrictions his physician prepared; and

7   plaintiff was told to leave work and not to return after he

8   submitted the work restrictions prepared by his doctor.

9   Plaintiff has lost wages and benefits, suffered worry,

10  frustration, anxiety, humiliation, and mental, physical and

11  emotional distress.

12      22.  Plaintiff was notified that his primary treating doctor

13  was retiring. Plaintiff therefore requested to change his

14  treating doctors under his workers' compensation case in December

15  2005. Plaintiff was denied the right to change doctors. He has

16  knowledge and belief and thereon alleges that Barbara Holmes and

17  other of Defendant's employees, acting in the course and scope of

18  their employment with Defendant, have as a primary job duty,

19  communication, coordination, and interaction with workers'

20  compensation insurance adjusters/agents and informed them not to

21  authorize prescription medication for plaintiff, and to deny (or

22  ignore) plaintiff's requests to change primary treating doctors

23      23.  Plaintiff was without medication since the denial of

24  his requests. Plaintiff began to feel unbearable pain. He

25  reported to work in pain, and performed his job duties. The pain

26  did not improve. He was assigned to work with a new employee.

27  Plaintiff complained to his supervisor, Roy Morgan about the job

28  Complaint                           -7-

1  performance of the new employee.  After plaintiff complained, he

2  was told that the co-worker would be reassigned, but I the new

3  employee assigned to work with plaintiff had any complaints about

4  plaintiff, plaintiff would be demoted.  Plaintiff informed and

5  believe that his supervisor Roy Morgan had knowledge that

6  plaintiff filed a complaint with EEOC and or DFEH.

7      The plaintiff was in so much pain at work that he was sent

8  to Defendant's doctor for evaluation.  At that time, plaintiff

9  was informed that he had sustained injury to his lumbar.

10  Plaintiff was issued work restrictions and he returned to work.

11  Plaintiff submitted the doctor determined work restrictions and

12  was told to go home.  Defendant perceived plaintiff as disabled

13  and having a medical condition and/or physical disability.

14  Defendant failed to engage in a substantive interactive process

15  to determine a reasonable accommodation for his

16  disability/medical condition/physical disability.  Defendant told

17  plaintiff to go home and not to report to work.  Plaintiff did

18  not receive his wages since on or about February 2, 3006.

19      24.  Plaintiff, on or about March 9, 2006, filed a complaint

20  with EEOC and DFEH, 555-2007-00532.  A copy of the Complaint is

21  marked Exhibit B, attached hereto and incorporated herein by this

22  reference.

23      25.  On or about May 21, 2007, EEOC issued plaintiff a Right

24  To Sue Letter.  A copy of the EEOC Right To Sue Letter is marked

25  Exhibit B-1, attached hereto and incorporated herein by this

26  reference. On or about May 21, 2007, DFEH issued plaintiff a

27  Right To Sue Letter.  A copy of the DFEH Right To Sue Letter is

28  Complaint                    -8-

1  marked Exhibit B-2, attached hereto and incorporated herein by

2  this reference.

3      10.  On or a about February 9, 2007, Plaintiff filed a

4  complaint with EEOC and with Department of Fair Employment and

5  Housing, (hereinafter referred to as "DFEH") alleging employment

6  discrimination, Case No. 556-2007-00531.  A copy of his EEOC and

7  DFEH complaint is marked as Exhibit C, attached hereto and

8  incorporated herein by this reference.

9      11.  On or about May 2, 2007, Plaintiff received a Right

10  To Sue Letter from DFEH, marked exhibit C-1, attached hereto and

11  incorporated herein by this reference.

12      12.  On or about May 21, 2007, Plaintiff received a Right

13  To Sue Letter from EEOC.  Said letter is marked exhibit C-2,

14  attached hereto and incorporated herein by this reference.

15      13.  Plaintiff exhausted his administrative remedy

16  before filing his lawsuit herein.

17      14.  Defendant, despite knowledge and or adequate

18  opportunity to learn of the misconduct of its agents and or

19  employees, retained said defendants, agents and or employees in

20  its service, and thereafter adopted, approved and ratified the

21  acts, omissions and misconduct of said employees.

22      15.  The conduct of defendants, and each of them, alleged

23  herein was willful, wanton, malicious, and oppressive, in that

24  they knew or should have known that their conduct was

25  unreasonable and illegal.  Furthermore, defendants' acts were

26  carried out in willful and conscious disregard of plaintiff's

27  rights and well-being such as to constitute malicious, despicable

28  Complaint                              -9-

1   conduct within the meaning of California Civil Code §3294,

2   entitling plaintiff to punitive damages in an amount appropriate

3   to punish or make an example of defendants.

4       16.  Plaintiff has been proximately caused to retain an

5   attorney to represent her, because of the acts of defendants,

6   alleged herein.  The amount of attorney fees has not been fully

7   determined at this time; the amount of attorney fees will be

8   shown according to proof at the time of trial.

9       17.  As a proximate cause of Defendant's conduct, Plaintiff

10  has suffered emotional distress, worry, anxiety, loss of income,

11  incurred medical expenses, and incurred attorney fees, and is

12  reasonably certain to suffer emotional distress, lose income,

13  incur medical expenses and attorney fees in the future.

14                    **FIRST CAUSE OF ACTION**

15         **GOVERNMENT CODE §§12920, 12921, and 12940 et seq**

16      18.  Plaintiff realleges and incorporates by reference

17  Paragraphs 1 through 17 of the Complaint as though fully set

18  forth at length herein.

19      19.  Defendants, and each of them, violated Plaintiff's

20  legal rights by doing the acts complained of herein; said acts

21  include but are not limited to:

22      a.   Failure to reasonably accommodate Plaintiff pertaining

23  to Plaintiff's disability;

24      b.   Discriminating against Plaintiff on the job because of

25  Plaintiff's medical condition and/or disability, and or race, and

26  or national origin, and or ethnicity, and or retaliation for

27  filing workers compensation claim, and or retaliation for filing

28  Complaint                        -10-

1  employment discrimination complaint;

2      c.   Harassing plaintiff on the job by creating a hostile

3  work environment for Plaintiff, because of Plaintiff's medical

4  condition and/or disability, and or race, and or national origin,

5  and or ethnicity, and or retaliation;

6      d.   Failure to take immediate and appropriate corrective

7  action to remedy the unlawful employment discrimination and or

8  harassment and/or retaliation;

9      e.   Failure to take all reasonable steps necessary to

10  prevent discrimination and or harassment and or retaliation from

11  occurring on the job;

12      f.   Constructively terminating Plaintiff's employment by

13  not allowing Plaintiff to return to work;

14      g.   Terminating plaintiff's employment, in bad faith and

15  under false pretenses by refusing to allow Plaintiff to return to

16  work.

17      20.  In doing each and all of the acts alleged herein, said

18  Defendant, intentionally, willfully, and without justification,

19  attempted to and did deprive Plaintiff of her rights, privileges

20  and immunities secured to her by the Constitution and laws of the

21  State of California, particularly her right to be free from

22  discrimination and/or harassment and/or retaliation in employment

23  on the grounds of medical condition and/or disability as provided

24  by Government Code §§ 12920, 12921, 12940, et seq..

25  ////

26  ////

27  ////

28  Complaint                        -11-

1              SECOND CAUSE OF ACTION

2      TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

3          21.  Plaintiff realleges and incorporates by reference

4    Paragraphs 1 through 17 of the Complaint as though fully set

5    forth at length herein.

6          22.  Defendants, and each of them, violated Plaintiff's

7    legal rights, including Title VII of the Civil Rights Act, as

8    amended by doing the acts complained of herein; said acts include

9    but are not limited to:

10         a.   Failure to reasonably accommodate Plaintiff pertaining

11   to Plaintiff's disability;

12         b.   Discriminating against Plaintiff on the job because of

13   Plaintiff's medical condition and/or disability, and or race, and

14   or national origin, and or ethnicity, and or retaliation for

15   filing workers compensation claim, and or retaliation for filing

16   employment discrimination complaint;

17         c.   Harassing plaintiff on the job by creating a hostile

18   work environment for Plaintiff, because of Plaintiff's medical

19   condition and/or disability, and or race, and or national origin,

20   and or ethnicity, and or retaliation;

21         d.   Failure to take immediate and appropriate corrective

22   action to remedy the unlawful employment discrimination and or

23   harassment and/or retaliation;

24         e.   Failure to take all reasonable steps necessary to

25   prevent discrimination and or harassment and or retaliation from

26   occurring on the job;

27         f.   Constructively terminating Plaintiff's employment by

28   Complaint                    -12-

1   not allowing Plaintiff to return to work;

2       g.    Terminating plaintiff's employment, in bad faith and

3   under false pretenses by refusing to allow Plaintiff to return to

4   work.

5       23.   In doing each and all of the acts alleged herein, said

6   Defendant, intentionally, willfully, and without justification,

7   attempted to and did deprive Plaintiff of her rights, privileges

8   and immunities secured to her by the Constitution and laws of the

9   State of California, particularly her right to be free from

10  discrimination and/or harassment and/or retaliation in employment

11  on the grounds of medical condition and/or disability as provided

12  by Title VII of the Civil Rights Act of 1964, as amended.

13                              **PRAYER**

14  **WHEREFORE**, Plaintiff prays for judgement against all

15  Defendants, and each of them as follows:

16      1.    Compensatory and special damages, including damages for

17  mental and emotional distress, in an amount to be determined at

18  the time of trial;

19      2.    Special damages including Lost income, past and future;

20  medical expenses, past and future;

21      3.    Punitive and exemplary damages in an amount appropriate

22  to punish and/or make an example of the Defendants sued

23  individually herein to be determined at trial;

24      4.    Reasonable attorney fees;

25      5.    Costs of suit incurred herein;

26      6.    Prejudgment interest at the legal rate on the amount of

27  Plaintiff's lost wages and employment benefits; and

28  Complaint                        -13-

1      7.    Such other and further relief as the Court deems just

2  and proper.

3  Dated: August 13, 2007          LAW OFFICES OF MICHAEL C. COHEN

4

5                                  By: _____
                                        MICHAEL C. COHEN,
6                                       Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Complaint                    -14-

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charg |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 376-2006-002 |

California Department Of Fair Employment & Housing                      and
_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date |
|---|---|---|
| Mr. Cristobal  Zamudio | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 414 East 15th Street, #8, Oakland, CA 94606 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believ
Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include |
|---|---|---|
| CITY OF OAKLAND | 201 - 500 | (510) 238-6 |

| Street Address | City, State and ZIP Code |
|---|---|
| 150 Frank Ogawa Plaza 2nd Fl, Oakland, CA 94612 | |

| Name | No. Employees, Members | Phone No. (Include A |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**See Attachments**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Dec 20, 2005<br>_Date_          _Charging Party Signature_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year ) |

## Complaint
Dated:  December 15, 2005

Complainant/Charging Party:    Mr. Cristobal Zamudio
414 East. 15th Street, #8
Oakland, CA 94606
Tel. 510-452-3192

Employer:    City of Oakland
Contact:  Ms. Isabel Barragan
Equal Opportunity Specialist
150 Frank Ogawa Plaza, 2nd Floor
Oakland, CA 94612
Tel. 510-238-3500

---

### Summary of Complaint:

I was injured on the job and filed a workers' compensation claim.  I was off work for a while and returned in January 2005.  In May 2005, I was sent home and told not to report to work due to my physical disability and medical condition.  I was not allowed to return to work until November 2005.  My employer treated me differently because of my nationality and my physical disability. The City failed to engage in an interactive process with me when it regarded me as having a disability.  I was laid off (told not to report to work) in retaliation for filing a workers' compensation claim.

### Description of Complaint:

I am of Mexican ancestry.  I started working for the City of Oakland ("City") in 1991.  I have worked in a full time capacity as a Gardner Crew Leader (Class Code 5303, Rep. Unit C, CSB Status: CC) since 2000.  I was injured on the job, applied for and received workers' compensation benefits ("WC benefits").  I sustained injuries to my arm, knees, and back.  After numerous surgeries, I was I was released to return to work. I returned to work in early January 2005. My doctor determined that I had a permanent weightlifting restriction. I informed my employer that I was prohibited from lifting 50 lbs. or more. My medical condition substantially limited at least one major life activity - lifting.  I provided my employer with written notice of this permanent medical restriction.  I did not request reasonable accommodation in order to perform my essential job duties.

Upon return to work, my employer required that I participate in its Transitional Duty Program- Public Works Agency.  While in this program I worked in my regular job classification and performed all my customary, ordinary, and usual job duties as Gardner Crew Leader. While in this program I did not request nor did I receive any reasonable accommodation in order to perform my essential job duties.  Mr. Roy Morgan informed Ms. Barbara Holmes my employer's workers' compensation benefits coordinator that

Page 2

upon my return to work, and at all times after I returned to work, I had in fact performed all of my regular, customary, and required job duties without any reasonable accommodation, and that my medical restrictions had not impacted my ability to perform any of my job duties. I worked the full range of job duties required in my usual, customary, and regular job position.

On or about May 31, 2005, while I was at work, I was informed that "the Transitional Duty assignment [ended] on Friday, May 27, 2005." I was "instructed not to report to work on Tuesday, May 31, 2005." I was informed that if I sought "information regarding retirement eligibility" I should contact Jean Harris at 510-238-6479. The City regarded me as having a physical disability. The City regarded me as having a record of physical disability. After May 31, 2005, my employer failed to engage in an interactive process with me to determine a reasonable accommodation for my perceived physical disability.

In June 2005, I again provided medical documentation to my employer notifying it that I was released to work to perform my full range of job duties, and that after review of my job description, my doctor was of the opinion that my weightlifting restrictions did not affect my job and I did not need any accommodation in order to perform my job.

Between May 31, 2005 and November 1, 2005, the City failed to engage in a substantive interaction with me to determine a reasonable accommodation given its perception and belief that I was disabled. Rather, the City required that I not report to work from May 2005 until the City authorized my return to work in November 2005. The City regarded me as having a disability. The City discriminated against me because of my physical disability. The City treated me differently than it treated employees it did not regard as having a disability. The City treated me differently than it treated employees who did not have a physical disability. The City treated me differently than it treated employees who were not of Mexican ancestry. I was retaliated against for filing a workers' compensation claim. I was lost income from May 2005 through early November 2005 due the City's unlawful discrimination. I suffered emotional and mental distress due to the City's unlawful discrimination.

U.S. Department of Justice

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

_____

CERTIFIED MAIL
5068 8363

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

May 21, 2007

Mr. Cristobal Zamudio
c/o Michael C. Cohen, Esquire
Law Offices of Michael C. Cohen
Attorneys at Law
1814 Franklin St., Ste. 900
Oakland, CA  94612

Re:  EEOC Charge Against City of Oakland
        No. 376200600268

Dear Mr. Zamudio:

    Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since
the date the Commission assumed jurisdiction over the charge, and no
suit based thereon has been filed by this Department, and because
you through your attorney have specifically requested this Notice,
you are hereby notified that you have the right to institute a civil
action under Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

    This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

                              Sincerely,


                              Wan J. Kim
                    Assistant Attorney General
                       Civil Rights Division

          by  *Karen J. Ferguson*

                       Karen L. Ferguson
                Supervisory Civil Rights Analyst
                 Employment Litigation Section


cc:  Oakland Local Office, EEOC
     City of Oakland



                    EXHIBIT A-1

## Complaint
Dated: March 7, 2006

EEOC CHARGE # 555-2007-00532
CHARGING PARTY: ZAMUDIO, Cristobal
RESPONDENT: City of Oakland

Complainant/Charging Party:

Mr. Cristobal Zamudio
414 East. 15th Street, #8
Oakland, CA 94606
Tel. 510-452-3192

RECEIVED

MAY 02 2007

EEOC - OLO

Employer:

City of Oakland
Contact: Ms. Isabel Barragan
Equal Opportunity Specialist
150 Frank Ogawa Plaza, 2nd Floor
Oakland, CA 94612
Tel. 510-238-3500

---

### Summary of Complaint:

I was retaliated against by the City of Oakland after filing my complaint with this agency. I was denied the right to change treating doctors in my workers' compensation case; I was denied prescription medication I have received for a number of years as prescribed by my workers' compensation physician; my employer failed to provide reasonable accommodation for my disability/medical condition/disability after I notified the City of the work restrictions my physician prepared; and I was told to leave work and not to return after I submitted the work restrictions prepared by my doctor. I have lost wages and benefits, suffered worry, frustration, anxiety, humiliation, and mental, physical and emotional distress.

### Description of Complaint:

I was notified that my primary treating doctor was retiring. I therefore requested to change my treating doctors under my workers' compensation case in December 2005. I was denied the right to change doctors. I have knowledge and believe that Barbara Holmes and other City employees have as a primary job duty, communication, coordination, and interaction with workers' compensation insurance adjusters. I believe that City employees communicated with workers' compensation insurance adjusters/agents and informed them not to authorize prescription medication for me, and to deny (or ignore) my requests to change primary treating doctors. I was without medication since the denial of my requests. I began to feel unbearable pain.

I reported to work in pain, and performed my job duties. The pain did not improve. I was assigned to work with a new employee. I complained to my supervisor Roy Morgan about the job performance of the new employee. After I complained, I was told that the co-worker would be reassigned, but if the new employee assigned to work with me had

EXHIBIT B

EEOC CHARGE # 555-2007-00532

any complaints about me, I would be demoted. I am informed and believe that my supervisor Roy Morgan had knowledge that I filed a complaint with this agency.

I was in so much pain at work that I was sent to the City's doctor for evaluation. At that time, I was informed that I had sustained injury to my lumbar. I was issued work restrictions and I returned to work. I submitted the doctor determined work restrictions and was told to go home. My employer perceived me as disabled and having a medical condition and/or physical disability. My employer failed to engage in a substantive interactive process to determine a reasonable accommodation for my disability/medical condition/physical disability. My employer told me to go home and not to report to work. I have not received my wages since on or about February 2, 2006.

I declare the above under penalty of perjury under the laws of the State of California.

Executed: March 7, 2006 _____

Cristóbal Zamudio

RECEIVED

MAY 02 2007

EEOC - OLO

U.S. Department of Justice

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5068 8363

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

May 21, 2007

Mr. Cristobal Zamudio
c/o Michael C. Cohen, Esquire
Law Offices of Michael C. Cohen
Attorneys at Law
1814 Franklin St., Ste. 900
Oakland, CA  94612

Re:  EEOC Charge Against City of Oakland
     No. 555200700532

Dear Mr. Zamudio:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:

Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by  *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Oakland Local Office, EEOC
     City of Oakland

EXHIBIT B-1

STATE OF CALIFORNIA - State and Consumer Services Agency

ARNOLD SCHWARZENEGGER, G

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

☐ 1001 Tower Way, Suite 250
Bakersfield, CA 93309
H (661) 395-2729

☐ 1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
C (559) 244-4760

☐ 611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
S/T (213) 439-6799

☑ 1515 Clay Street, Suite 701
Oakland, CA 94612
M (510) 622-2941

☐ 2000 "O" Street, Suite 120
Sacramento, CA 95814
E (916) 445-5523

☐ 1350 Front Street, Suite 3005
San Diego, CA 92101
D (619) 645-2681

☐ San Francisco District Office
1515 Clay Street, Suite 701
A Oakland, CA 94612
(510) 622-2973

☐ 111 North Market Street, Suite 810
San Jose, CA 95113
G (408) 277-1277

☐ 2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
K (714) 558-4266

EEOC Number:     555-2007-00532
Case Name:       Cristobal Zamudio v. City of Oakland
Date:            May 2, 2007

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to
the California Department of Fair Employment and Housing (DFEH) by the U.S.
Equal Employment Opportunity Commission (EEOC). The complaint will be fil
in accordance with California Government Code section 12960. This notice
constitutes service pursuant to Government Code section 12962.

<u>No response to the DFEH is required by the respondent.</u>

The EEOC will be responsible for the processing of this complaint. DFEH will
not be conducting an investigation into this matter. EEOC should be contacte
directly for any discussion of the charge. DFEH is closing its case on the basi
of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-su
notice. According to Government Code section 12965, subdivision (b), you
may bring a civil action under the provisions of the Fair Employment and
Housing Act against the person, employer, labor organization or employment
agency named in the above-referenced complaint. The lawsuit may be filed in
State of California Superior or Justice Court. Government Code section 1296!
subdivision (b), provides that such a civil action must be brought within one
year from the date of this notice. Pursuant to Government Code section
12965, subdivision (d)(1), this one-year period will be tolled during the
pendency of the EEOC's investigation of your complaint. You should consult a
attorney to determine with accuracy the date by which a civil action must be
filed. This right to file a civil action may be waived in the event a settlement
agreement is signed. Questions about the right to file under federal law should
be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is
filed.

<u>Remember: This Right-To-Sue Notice allows you to file a private lawsuit in
State court.</u>

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

ATE OF CALIFORNIA - State and Consumer Services Agency                                    ARNOLD SCHWARZENEGGER, Gove

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



Y # (800) 700-2320

☐  1001 Tower Way, Suite 250
   Bakersfield, CA 93309
H  (661) 395-2729

☐  1320 E. Shaw Avenue, Suite 150
   Fresno, CA 93710
C  (559) 244-4760

☐  611 West Sixth Street, Suite 1500
   Los Angeles, CA 90017
S/T  (213) 439-6799

☑  1515 Clay Street, Suite 701
   Oakland, CA 94612
M  (510) 622-2941

☐  2000 "O" Street, Suite 120
   Sacramento, CA 95814
E  (916) 445-5523

☐  1350 Front Street, Suite 3005
   San Diego, CA 92101
D  (619) 645-2681

☐  San Francisco District Office
   1515 Clay Street, Suite 701
   Oakland, CA 94612
A  (510) 622-2973

☐  111 North Market Street, Suite 810
   San Jose, CA 95113
G  (408) 277-1277

☐  2101 East Fourth Street, Suite 255-B
   Santa Ana, CA 92705
K  (714) 558-4266

|  |  |
|---|---|
| EEOC Number: | 555-2007-00531 |
| Case Name: | Cristobal Zamudio v. City of Oakland |
| Date: | May 2, 2007 |

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be file in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

<u>No response to the DFEH is required by the respondent</u>.

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-su notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in State of California Superior or Justice Court. Government Code section 12965 subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court</u>.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

benefits, suffered worry, frustration, anxiety, humiliation, and mental, physical and emotional distress.

**Description of Complaint:**

My primary treating doctor notified me that he was retiring. I therefore requested to change my treating doctors under my workers' compensation case in December 2005. I was denied the right to change doctors. I have knowledge and believe that Barbara Holmes and other City employees have as a primary job duty, communication, coordination, and interaction with worker's compensation insurance adjusters. I believe that City employees communicated with worker's compensation insurance adjusters/agents and informed them not to authorize prescription medication for me, and to deny (or ignore) my requests to change primary treating doctors. I was without medication since the denial of my requests. I began to feel unbearable pain.

I reported to work in pain, and performed my job duties. The pain did not improve. I was assigned to work with a new employee. I complained to my supervisor Roy Morgan about the job performance of the new employee. After I complained, I was told that the co-worker would be reassigned, but if the new employee assigned to work with me had any complaints about me, I would be demoted. I am informed and believe that my supervisor Roy Morgan had knowledge that I filed a complaint with this agency.

I was in so much pain at work that I was sent to the City's doctor for evaluation. At that time, I was informed that I had sustained injury to my lumbar. I was issued work restrictions and I returned to work. I submitted the doctor determined work restrictions and was told to go home. My employer failed to engage in a substantive interactive process to determine a reasonable accommodation for my disability/ medical condition/physical disability. My employer told me to go home and not to report to work. I have not receive my wages since on or about February 2, 2006.

On or about August 29, 2006, I was released to return to work with restriction of no lifting over 40 lbs., no walking for more than a mile; no sitting more than 2 hours at a time, no repetitive bending. The city told me that there were not openings for me. After I informed them about 2 open positions in the street painters department that I learned about. The city investigated further and admitted the 2 positions in street painters department existed, and then said I did not fit for those positions because of my restrictions. I believe my restrictions did not prevent me from doing the jobs in the street painters department. I believe the city knew or should have known that my restrictions did not prevent me from doing the jobs in the street painters department. The city intentionally falsely stated that my restrictions prevented me from doing the jobs in the street painters department to deny me a job opportunity because of the reasons stated above herein, including but not limited to my race, because of my disability/perceived disability/medical condition and to retaliate against me for my prior discrimination complaints and or my workers compensation complaint. The city failed and refused to engage in the interactive process to determine if I could perform the jobs in the street painters department, with or without reasonable accommodation.

RECEIVED

MAY 0 2 2007

EEOC CHARGE # 555-2007-00531

Then, on January 8, 2007, I was released by my primary treating doctor to return to my regular job duties, with a restriction of no lifting over 50 lbs. I could perform the essential duties of my job, without accommodation. The essential duties of my job do not require lifting over 50 lbs. The city was informed that my primary treating doctor released me to return to my job, with a restriction of no lifting over 50 lbs., and that I can perform my regular job duties, but the city, with this knowledge, has failed and refused to allow me to return to my job, and continues to refuse to allow me to return to work, though I have requested to return to work. The city has failed to engage in the interactive process to determine if I can perform my job duties with or without reasonable accommodation.

I declare under penalty of perjury, pursuant to the laws of the State of California and pursuant to the laws of the United States of America that the statements herein are true and correct and that this declaration was executed by me in Oakland, California on February 9, 2007.

Cristobal Zamudio

RECEIVED

MAY 02 2007

EEOC - OLO

3

Equal Employment Opportunity Complaint Against City of Oakland By Cristobal Zamudio; & Department of Fair Employment and Housing Complaint against City of Oakland By Cristobal Zamudio

Re: Client/Claimant/Employee: Cristobal Zamudio
Subject: Employment Discrimination, Harassment based on Disability/Perceived Disability; Medical Condition/Perceived Medical Condition; Physical Condition/Perceived Physical Condition; Failure to Reasonably Accommodate; Retaliation For Filing Worker's Compensation Claim, National Origin

Claimant/Employee:
Cristobal Zamudio
414 E. 15th Street #8
Oakland, CA 94606
SS# 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

Notices Should Be Sent To:
Michael C. Cohen
Law Office of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA 94612

Employer: City of Oakland
Contact: Ms. Isabel Barragan
Equal Opportunity Specialist
150 Frank Ogawa Plaza, 2nd Floor
Oakland, CA 94612
tele. No. 510-238-3500

RECEIVED

MAY 02 2007

EEOC - OLO

Job Title: Gardner III Crew Leader
Date hired:  2000

Wrongful Conduct: December 2005 and continuing until present date:

Summary of Complaint:

I was retaliated against by the City of Oakland after filing my complaint with this agency. I was denied the right to change treating doctors in my workers' compensation case; I was denied prescription medication I have received for a number of years as prescribed by my worker's compensation physician; my employer failed to provide reasonable accommodation for my disability/medical condition/disability after I notified the City of the work restrictions my physician prepared; and I was told to leave work and not to return after I submitted the work restrictions prepared by my doctor.  I have lost wages and benefits, and continue to lose wage and

EXHIBIT C-1

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5068 8363

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

May 21, 2007

Mr. Cristobal Zamudio
c/o Michael C. Cohen, Esquire
Law Offices of Michael C. Cohen
Attorneys at Law
1814 Franklin St., Ste. 900
Oakland, CA  94612

Re:  EEOC Charge Against City of Oakland
     No. 555200700531

Dear Mr. Zamudio:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by      *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Oakland Local Office, EEOC
     City of Oakland

EXHIBIT C-2

# EXHIBIT C

## Superior Court of California, County of Alameda
## Fremont Hall of Justice

| | |
|---|---|
| Zamudio        Plaintiff/Petitioner(s) <br><br>       VS. <br><br> City of Oakland <br><br>         Defendant/Respondent(s) <br> (Abbreviated Title) | No. <u>RG06302481</u> <br><br> Case Management Order <br><br> Date: 10/24/2007 <br> Time: 02:30 PM <br> Dept: 607 <br> Judge: Richard Keller |

ORDER re: CASE MANAGEMENT

The Court has ordered the following at the conclusion of a judicially supervised Case Management Conference.

OTHER ORDERS

Plaintiff representing to the court that the parties have agreed to have RG07340422, Zamudio v. City of Oakland, consolidated into this case, Defendant, City of Oakland, not appearing, but having confirmed Defendant agrees to the consolidation of the two cases the COURT ORDERS that RG07340422 be consolidated with this case and that this case is to be the lead case for all purposes.

FURTHER CASE MANAGEMENT CONFERENCE

A further Case Management Conference is scheduled for 01/18/2008 at 02:30 PM in Dept. 607.

Updated Case Management Statements in compliance with CRC § 3.725 and Alameda County Local Rules, Chapter 4, on Judicial Council Form CM-110, must be filed no later than 01/03/2008. If the foregoing date is a court holiday or a weekend, the time is extended to the next business day.

NOTICES

Counsel for Plaintiff(s) must forthwith serve a copy of this order on all counsel of record and self-represented parties, and file proof of service.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated: 10/24/2007

_Richard E. Keller_  facsmile
_____
Judge Richard Keller

## PROOF OF SERVICE
### Zamudio v. City of Oakland
### (Alameda County Superior Court
### Consolidated Action Nos. RG06-302481 (lead case) and RG07-340422)

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor, Oakland, California 94612. On the date shown below, I served the within documents:

## DEFENDANT'S PETITION FOR REMOVAL TO FEDERAL COURT

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California, addressed as set forth below.

☐   by causing personal delivery by messenger of the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by causing such envelope to be sent by overnight mail via Federal Express/ Express Mail.

Michael C. Cohen, Esq.          Attorneys for Plaintiff
1814 Franklin Street, Suite 900     CRISTOBAL ZAMUDIO
Oakland, CA 94612
Telephone No.: (510) 832-6436

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 9, 2007, at Oakland, California.

*Deborah Walther*
Deborah Walther

- 4 -