1  Michael C. Cohen, Esq., Bar No. 65487
   **LAW OFFICES OF MICHAEL C. COHEN**
2  1814 Franklin Street, Suite 900
   Oakland, CA 94612
3  (510) 832-6436

4  Attorneys for Plaintiff

5

6

7

8
                    IN THE UNITED STATES DISTRICT COURT
9                     NORTHERN DISTRICT OF CALIFORNIA
                            SAN FRANCISCO
10

11

12

13
   CRISTOBAL ZAMUDIO,                    No.  C 07-05713 WDB
14
                                         **JOINT CASE MANAGEMENT**
15             Plaintiff,                **STATEMENT**

16  vs.                                  Date: February 20, 2008
                                         Time: 4:00 p.m.
17                                       Ctrm: 4,
   CITY OF OAKLAND,                      450 Golden Gate Avenue San
18                                       Francisco, California

19             Defendants.
   _____/
20

21
        Plaintiff's attorney and defendant's attorney were unable
22
   to jointly prepare the case management statement and file it
23
   today by 5:00 p.m,, so plaintiff's attorney is filing the "joint
24
   case management statement" on behalf of plaintiff.
25
        **1.  Jurisdiction and Service**:
26
        This case was timely removed from Alameda County Superior
27

28  Joint Case Management Statement      -1-

1  Court under 28 U.S.C. § 1441(b).  This court has jurisdiction

2  pursuant to 28 U.S.C. § 1331 on the basis of federal question

3  jurisdiction.  The complaint alleges claims under Title VII, the

4  Americans with Disabilities Act.  The Court has supplemental

5  jurisdiction over any state law claims pursuant to 28 U.S.C.

6  § 1367(a).

7       Plaintiff filed his complaint against the City of Oakland on

8  December 15, 2006, in Alameda County Superior Court, alleging

9  employment discrimination in violation of state laws prohibiting

10 employment discrimination.  On August 13, 2007, plaintiff filed

11 another complaint against the City of Oakland, in Alameda County

12 Superior Court, alleging employment discrimination in violation

13 of Title VII of the Civil Rights Act, as amended.  The Superior

14 Court ordered the two cases consolidated.  Defendant moved to

15 transfer the case to federal court.

16      Defendant, City of Oakland was served with plaintiff's

17 second complaint on October 22, 2007.

18      **2.  <u>Facts</u>**:

19      This employment dispute arises out of the following facts:

20      **Facts provided by Plaintiff**:

21      Plaintiff, is a Mexican American man.  He started working

22 for the City of Oakland in 1991.  Plaintiff sustained a work

23 related injury.  He was off work for a while and returned in

24 January 2005.  Defendant laid plaintiff off work on or about May

25 27, 2005, because of plaintiff's perceived physical disability.

26 On or about November 27, 2005, defendant reinstated plaintiff to

27 his job.  In February 2006, defendant laid plaintiff off work

28 Joint Case Management Statement       -2-

1  again.  After defendant laid plaintiff off work, plaintiff

2  provided defendant with medical documentation of his ability to

3  perform the essential duties of his job, with or without a

4  reasonable accommodation.  On or about January 11, 2007,

5  plaintiff's treating doctor sent defendant another letter stating

6  that plaintiff was physically able to return to his regular job

7  and perform his job duties.  Defendant continues to refuse to

8  allow plaintiff to return to work. Plaintiff contends that

9  defendant discriminated against him, harassed him because of his

10 national origin/ancestry, his disability, perceived disability

11 and or retaliated against him for filing a workers' compensation

12 claim.

13       **Facts provided by Defendant**:

14       Defendant's attorney will supplement this "joint statement"

15       with additional facts tomorrow.

16       **3. The Principal Issues Include**:

17       a. Whether plaintiff is a disabled employee;

18       b. Whether defendant perceived plaintiff as being disabled;

19       c. Whether defendant reasonably accommodated plaintiff's

20 disability and or perceived disability;

21       d. Whether defendant discriminated/harassed plaintiff

22 because of plaintiff's national origin/ancestry;

23       e. Whether defendant retaliated against plaintiff because of

24 plaintiff's disability and or perceived disability;

25       f.  Whether defendant retaliated against plaintiff because

26 plaintiff filed a workers' compensation claim;

27       **4.  Legal Issues**:

28 Joint Case Management Statement      -3-

1    The parties are not aware of the existence of any legal

2  issues.

3    **5.  <u>Motions</u>**:

4    Defendant may file a motion for summary judgment.

5    **6.  <u>Amendment of Pleadings</u>**:

6    The parties do not anticipate amending the pleadings.

7    **7.  <u>Evidence Preservation</u>**:

8    Plaintiff is not aware of any special efforts that need to

9  be taken with respect to evidence preservation.

10    **8.  <u>Disclosures</u>**:

11    Plaintiff has served his initial disclosures on defendant's

12  attorneys in compliance with the court's order.

13    **9.  <u>Discovery</u>**:

14    Plaintiff intends to conduct the following discovery:

15    Plaintiff intends to depose the following persons:

16    a.  Oakland's PMK about the facts and reasons relied on by

17  Oakland when Oakland decided to lay plaintiff off from work on or

18  about May 27, 2005, and not allowed to return to work until on or

19  about November 2005.

20    b.  Oakland's PMK about the facts and reasons relied on by

21  Oakland when Oakland decided to reinstate plaintiff to his

22  regular job as a gardener III on or about November 2005.

23    c.  Oakland's PMK about the facts and reasons relied on by

24  Oakland when Oakland decided to lay plaintiff off work on or

25  about February 2006, and why Oakland continues to refuse to allow

26  plaintiff to return to work on his job as a gardener III.

27    d.  Oakland's PMK about the facts and reasons relied on by

28  Joint Case Management Statement    -4-

1  Oakland when Oakland decided not to allow plaintiff to work as a

2  street painter when plaintiff requested to work as a street

3  painter.

4      e.  Plaintiff needs to review all documents and records from

5  Oakland, relied on by Oakland when Oakland decided to lay

6  plaintiff off from work on or about May 27, 2005.

7      f.  Plaintiff needs to review all documents and records from

8  Oakland, relied on by Oakland when Oakland decided to reinstate

9  plaintiff to his job as gardener III, on or about November 2005.

10      g.  Plaintiff needs to review all documents and records from

11  Oakland, relied on by Oakland when Oakland decided not to allow

12  plaintiff to return to his regular job as gardener III, after

13  plaintiff's treating doctor released plaintiff to return to work

14  on January 4, 2007.

15      h.  Plaintiff needs to review all documents and records from

16  Oakland, relied on by Oakland when Oakland decided not to hire

17  plaintiff to work as a street sweeper.

18      I.  Plaintiff intends to complete discovery by April 30,

19  2008.

20      No changes to the Rule 26(a) disclosures are necessary.

21  Required disclosures will be made as agreed by the parties.

22      **Defendant intends to conduct the following discovery**:

23      Defendant's attorney will supplement this statement with

24  additional facts tomorrow.

25      **10.  Class Actions**:

26      This is not a class action.

27      **11.  Related Cases**:

28  Joint Case Management Statement      -5-

1    **12.   Relief**:

2       Plaintiff is seeking $2,000,000.00 general damages;

3    $150,000.00, for lost wages; undetermined amount for future wage

4    loss; $1,000,000.00 punitive damages, and $20,000.00, attorney

5    fees.

6       **13.   PROPOSED DEADLINES**:

7       Plaintiff intends to complete discovery by April 30, 2008.

8       **14.   ADR**:

9       **The parties agree to participate in a settlement conference**

10   **before a Magistrate judge.**

11      **15.   TRIAL DATE**:

12      This case will be ready for trial by November 2008.

13      **16.   TRIAL ESTIMATE**:

14      Plaintiff estimates that the trial will last 7 to 10 days.

15      **17.   Narrowing of Issues**:

16      The parties are not award of any issues that can be narrowed

17      **18.   Expedited Schedule**:

18      This case need not be handled on an expedited basis with

19   streamlined procedures.

20      **19.   Scheduling**:

21      Designation of expert witnesses: September 1, 2008

22      Discovery cutoff: July 1, 2008

23      Hearing of dispositive motions: August 1, 2008

24      Pretrial conference: September 15, 2008

25      Trial: November 2008

26      //////

27      //////

28   Joint Case Management Statement      -6-

1    **20.   JURY DEMAND**

2        Plaintiff timely demanded a jury trial.

3
Dated:  February 12, 2008       LAW OFFICES OF MICHAEL C. COHEN
4

5
                                 By:_____
6                                     MICHAEL C. COHEN,
                                      Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Joint Case Management Statement      -7-