Michael C. Cohen, Esq., Bar No. 65487
**LAW OFFICES OF MICHAEL C. COHEN**
1814 Franklin Street, Suite 900
Oakland, CA 94612
(510) 832-6436

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTOBAL ZAMUDIO, | No.  C 07-05713 MHP |
|     Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | Date: April 7, 2008<br>Time: 4:00 p.m.<br>Ctrm: 15, Floor 18 |
| CITY OF OAKLAND, | 450 Golden Gate Avenue San Francisco, California |
|     Defendants. | |

The Parties Jointly submit this case management statement in anticipation of their initial case management conference in this case. Defense counsel notes that the attorney handling this case left the city Attorney's office on March 5, 2008, and the case has been reassigned to new counsel within the last last three weeks.

Joint Case Management Statement         -1-

1. **Jurisdiction and Service**:

This case was timely removed from Alameda County Superior Court under 28 U.S.C. § 1441(b). This court has jurisdiction pursuant to 28 U.S.C. § 1331 on the basis of federal question jurisdiction. The complaint alleges claims under Title VII, the Americans with Disabilities Act. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a).

Plaintiff filed his complaint against the City of Oakland on December 15, 2006, in Alameda County Superior Court, alleging employment discrimination in violation of state laws prohibiting employment discrimination. On August 13, 2007, plaintiff filed another complaint against the City of Oakland, in Alameda County Superior Court, alleging employment discrimination in violation of Title VII of the Civil Rights Act, as amended. The Superior Court ordered the two cases consolidated. Defendant moved to transfer the case to federal court.

Defendant, City of Oakland was served with plaintiff's second complaint on October 22, 2007.

2. **Facts**:

This employment dispute arises out of the following facts:

**Facts provided by Plaintiff**:

Plaintiff, is a Mexican American man. He started working for the City of Oakland in 1991. Plaintiff sustained a work related injury. He was off work for a while and returned in January 2005. Defendant laid plaintiff off work on or about May

Joint Case Management Statement    -2-

27, 2005, because of plaintiff's perceived physical disability.
On or about November 27, 2005, defendant reinstated plaintiff to his job.  In February 2006, defendant laid plaintiff off work again.  After defendant laid plaintiff off work, plaintiff provided defendant with medical documentation of his ability to perform the essential duties of his job, with or without a reasonable accommodation.  On or about January 11, 2007, plaintiff's treating doctor sent defendant another letter stating that plaintiff was physically able to return to his regular job and perform his job duties.  Defendant continues to refuse to allow plaintiff to return to work. Plaintiff contends that defendant discriminated against him, harassed him because of his national origin/ancestry, his disability, perceived disability and or retaliated against him for filing a workers' compensation claim.

**Facts provided by Defendant**:

Plaintiff suffered a work-related injury.  On September 28, 2004, he had a 2nd surgery performed on his left knee.  On November 17, 2004, plaintiff submitted a release with a restriction of no lifting over 50 lbs., effective January 2, 2005.  On January 4, 2005, plaintiff returned to work and was placed in the Workers' Compensation Transitions Work Program (TWP) which allowed him to work in a transitional assignment while recovering from his injury, for a period not to exceed 90 days.  Plaintiff's TWP assignment ended on May 27, 2005.  A Job Analysis for the position of Gardener Crew Leader was completed by an outside consultant on June 15, 2005.  On October 31, 2005,

plaintiff was returned to full duty with a permanent restriction of no lifting over 50 lbs.

On February 3, 2006, plaintiff was sent to the City Physician due to severe pain while at work and he was sent home. Given plaintiff's worsened condition, he was given new restrictions that rendered him unable to perform duties of a Gardener Crew Leader. He was once again accommodated in a temporary work assignment on June 26, 2006. Plaintiff, however, was unable to perform the essential functions of his position (with or without accommodation).

Beginning in May 2005 or earlier, the City's Equal Opportunities Programs Division (EOPD) became involved in plaintiff's case. Plaintiff engaged in a long term interactive process and a series of communications with EOPD staff, who assisted plaintiff with searching for solutions to his inability to perform the essential functions of his usual job and assisted in coordinating a citywide search for an alternative position for plaintiff. No alternative position was available to plaintiff and he was eventually separated from employment.

Defendant asserts that it did provide plaintiff with reasonable accommodation when it was possible to do so, and that it provided an interactive process as well as assistance and a citywide job search. Allegations such discrimination occurred and that it was on the basis of national origin, disability or perceived disability, and that there was retaliation, are not supported by the facts.

**3. The Principal Issues Include**:

a. Whether plaintiff is a disabled employee;

b. Whether defendant perceived plaintiff as being disabled;

c. Whether defendant reasonably accommodated plaintiff's disability and or perceived disability;

d. Whether defendant discriminated/harassed plaintiff because of plaintiff's national origin/ancestry;

e. Whether defendant retaliated against plaintiff because of plaintiff's disability and or perceived disability;

f. Whether defendant retaliated against plaintiff because plaintiff filed a workers' compensation claim;

**4. Legal Issues**:

The parties are not aware of the existence of any legal issues.

**5. Motions**:

Defendant may file a motion for partial or complete summary judgment.

**6. Amendment of Pleadings**:

The parties do not anticipate amending the pleadings.

**7.** Evidence Preservation:

Plaintiff is not aware of any special efforts that need to be taken with respect to evidence preservation.

**8. Disclosures**:

The Parties have served their initial disclosures in compliance with Rule 26 and the court's order.

**9. Discovery**:

Joint Case Management Statement      -5-

1         Plaintiff intends to conduct the following discovery:
2         Plaintiff intends to depose the following persons:
3         a.  Oakland's PMK about the facts and reasons relied on by
4    Oakland when Oakland decided to lay plaintiff off from work on or
5    about May 27, 2005, and not allowed to return to work until on or
6    about November 2005.
7         b.  Oakland's PMK about the facts and reasons relied on by
8    Oakland when Oakland decided to reinstate plaintiff to his
9    regular job as a gardener III on or about November 2005.
10        c.  Oakland's PMK about the facts and reasons relied on by
11   Oakland when Oakland decided to lay plaintiff off work on or
12   about February 2006, and why Oakland continues to refuse to allow
13   plaintiff to return to work on his job as a gardener III.
14        d.  Oakland's PMK about the facts and reasons relied on by
15   Oakland when Oakland decided not to allow plaintiff to work as a
16   street painter when plaintiff requested to work as a street
17   painter.
18        e.  Plaintiff needs to review all documents and records from
19   Oakland, relied on by Oakland when Oakland decided to lay
20   plaintiff off from work on or about May 27, 2005.
21        f.  Plaintiff needs to review all documents and records from
22   Oakland, relied on by Oakland when Oakland decided to reinstate
23   plaintiff to his job as gardener III, on or about November 2005.
24        g.  Plaintiff needs to review all documents and records from
25   Oakland, relied on by Oakland when Oakland decided not to allow
26   plaintiff to return to his regular job as gardener III, after
27   plaintiff's treating doctor released plaintiff to return to work
28   Joint Case Management Statement      -6-

1  on January 4, 2007.
2     h.   Plaintiff needs to review all documents and records from
3  Oakland, relied on by Oakland when Oakland decided not to hire
4  plaintiff to work as a street sweeper.
5     I.   Plaintiff intends to complete discovery by August 30,
6  2008.
7     No changes to the Rule 26(a) disclosures are necessary.
8  Required disclosures will be made as agreed by the parties.
9
10    Defendant intends to conduct the following discovery:
11    a.   Defendant will make a request for documents and will take
12         plaintiff's deposition.
13
14    b.   Defendant will subpoena documents from the Workers'
15         Compensation 3rd party administrator JT2 Integrated
16         Resources, related to plaintiff's Workers Compensation
17         claim(s).
18    c.   Defendant may take the deposition of the JT2 Integrated
19         Resources Claims Administrator(s) who handled plaintiff's
20         file.
21    d.   Defendant will subpoena documents from all of plaintiff's
22         health care providers.
23    e.   Defendant will take the deposition of plaintiff's
24         doctor(s) and health care providers.
25    In the State Court action, defendant disclosed all of its
26         internal personnel files related to plaintiff, per the
27         parties' stipulation for Protective Order and Order.
28  Joint Case Management Statement    -7-

1       **10. Class Actions**:

2       This is not a class action.

3       **11.   Related Cases**:

4       **12. Relief**:

5       Plaintiff is seeking $2,000,000.00 general damages;

6       $150,000.00, for lost wages; undetermined amount for

7       future wage loss; $1,000,000.00 punitive damages, and

8       $20,000.00, attorney fees.

9       **13. PROPOSED DEADLINES**:

10      The parties believe that discovery will be completed in

11      September, 2008. Accordingly, Defendant will be able to

12      file a dispositive motion in September or October 2008.

13      **14. ADR**:

14      **The parties agree to participate in a settlement**

15      **conference before a Magistrate judge.**

16      **15. TRIAL DATE**:

17      This case will be ready for trial by December 2008 or

18      January 2009.

19      **16. TRIAL ESTIMATE**:

20      Plaintiff estimates that the trial will last 7 to 10

21      days.

22      **17. Narrowing of Issues**:

23      The parties are not aware of any issues that can be

24      narrowed

25      **18. Expedited Schedule**:

26      This case need not be handled on an expedited basis with

27      streamlined procedures.

28  Joint Case Management Statement       -8-

1 | **19. <u>Scheduling</u>:**
2 | Designation of expert witnesses: October 2008
3 | Discovery cutoff: September 2008
4 | Hearing of dispositive motions: October 2008 for filing.
5 | Pretrial conference: November 2008
6 | Trial: December 2008 or January 2009.

8 | //////
9 | //////

11 | **20. JURY DEMAND**
12 | Plaintiff timely demanded a jury trial.

Dated: March 28, 2008   LAW OFFICES OF MICHAEL C. COHEN

By:_____/s/_____
   MICHAEL C. COHEN,
   Attorney for Plaintiff


By: _____/s/_____
    RACHEL WAGNER
    Attorney for Defendant

Joint Case Management Statement       -9-