1   Michael C. Cohen, Esq., Bar No. 65487
    LAW OFFICES OF MICHAEL C. COHEN
2   1814 Franklin Street, Suite 900
    Oakland, CA 94612
3   (510) 832-6436

4   Attorneys for Plaintiff

5   John Russo, City Attorney, State Bar No. 129729
    Vicki A. Laden, State Bar No. 130147
6   Rachel Wagner, State Bar No. 127246
    Office of the City Attorney
7   One Frank H. Ogawa Plaza, 6th Floor
    Oakland, California 94612
8   Telephone: (510)238-6512
    Facsimile: (510)238-6500
9   Email: vladen@oaklandcityattorney.org

10  Eugene B. Elliot, State Bar No. 111475
    Christine Lee, State Bar No. 231617
11  Joshua K. Clendenin, State Bar No. 245564
    BERTRAND, FOX & ELLIOT
12  2748 Hyde Street
    San Francisco, CA 94109
13  Telephone: (415)353-0999
    Facsimile: (415)353-0900
14  Email: celliot@bfesf.com

15  Attorneys for Defendant CITY OF OAKLAND

16

17
                IN THE UNITED STATES DISTRICT COURT
18                 NORTHERN DISTRICT OF CALIFORNIA
                          SAN FRANCISCO
19

20

21
    CRISTOBAL ZAMUDIO,              No.  C 07-05713 MHP
22
                                    **JOINT CASE MANAGEMENT
23            Plaintiff,            STATEMENT**

24  vs.                             Date: September 15, 2008
                                    Time: 3:00 p.m.
25                                  Ctrm: 15, Floor 18
    CITY OF OAKLAND,                450 Golden Gate Avenue San
26                                  Francisco, California
              Defendants.
27                                  _____/

28  Joint Case Management Statement        -1-

1    The Parties jointly submit this case management statement in

2    anticipation of their further case management conference set for

3    September 15, 2008.

4    1.  **Jurisdiction and Service**:

5    This case was timely removed from Alameda County Superior

6    Court under 28 U.S.C. § 1441(b).  This court has jurisdiction

7    pursuant to 28 U.S.C. § 1331 on the basis of federal question

8    jurisdiction.  The complaint alleges claims under Title VII and

9    the Americans with Disabilities Act.  The Court has supplemental

10   jurisdiction over any state law claims pursuant to 28 U.S.C.

11   § 1367(a).

12   Plaintiff filed his complaint against the City of Oakland on

13   December 15, 2006, in Alameda County Superior Court, alleging

14   employment discrimination in violation of state laws prohibiting

15   employment discrimination.  On August 13, 2007, plaintiff filed

16   another complaint against the City of Oakland, in Alameda County

17   Superior Court, alleging employment discrimination in violation

18   of Title VII of the Civil Rights Act, as amended.  The Superior

19   Court ordered the two cases consolidated.  Defendant moved to

20   transfer the case to federal court.

21   Defendant City of Oakland was served with plaintiff's second

22   complaint on October 22, 2007.

23   2.  **Facts**:

24   This employment dispute arises out of the following facts:

25   **Facts provided by Plaintiff:**

26   Plaintiff is a Mexican American man.  He is employed by the

27   City of Oakland as a Gardener III Crew Leader.  He started

28   Joint Case Management Statement        -2-

1  working for the City of Oakland in 1991.  In 2002, he sustained a

2  work related injury that resulted in his being off work until

3  January 2005.  Defendant laid plaintiff off work on or about May

4  27, 2005, because of defendant's disability and or perceived

5  disability related to a lifting restriction of 50 lbs., bending,

6  and prolonged standing.  On or about November 27, 2005, defendant

7  reinstated plaintiff to his job.

8      In February 2006, defendant laid plaintiff off work again

9  because of plaintiff's disability.  In August 2006, defendant

10 denied plaintiff's request to return to his regular job and his

11 request to work as a traffic painter for the City of Oakland.

12     In January 2007, plaintiff's treating doctor released him to

13 return to work with a 50lb. lifting restriction.

14     In July 2008, defendant allowed plaintiff to return to work

15 as a Gardener III Crew Leader.

16     Plaintiff contends that defendant discriminated against him,

17 harassed him because of his national origin/ancestry, his

18 disability, perceived disability and or retaliated against him

19 for his prior complaints of discrimination and his disability and

20 failed to reasonably accommodate him.

21     **Facts provided by Defendant**:

22     Plaintiff suffered a work-related injury.  On September 28,

23 2004, he had a second surgery performed on his left knee.  On

24 November 17, 2004, plaintiff submitted a release with a

25 restriction of no lifting over 50 lbs., effective January 2,

26 2005.  On January 4, 2005, plaintiff returned to work and was

27 placed in the Workers' Compensation Transitionary Work Program

28 Joint Case Management Statement        -3-

1  (TWP) which allowed him to work in a transitional assignment

2  while recovering from his injury, for a period not to exceed 90

3  days.  Plaintiff's TWP assignment ended on May 27, 2005.  A job

4  Analysis for the position of Gardener Crew Leader was completed

5  by an outside consultant on June 15, 2005.  On October 31, 2005,

6  plaintiff was returned to full duty with a permanent restriction

7  of no lifting over 50lbs.

8      On February 3, 2006, plaintiff was sent to the City

9  Physician due to severe pain while at work and he was sent home.

10 Given plaintiff's worsened condition, he was given new

11 restrictions that rendered him unable to perform duties of a

12 Gardener Crew Leader.  He was once again accommodated in a

13 temporary work assignment of June 26, 2006.  Plaintiff, however,

14 was unable to perform the essential functions of his position

15 (with or without accommodation).

16     Beginning in May 2005 or earlier, the City's Equal

17 Opportunities Programs Division (EOPD) became involved in

18 plaintiff's case.  Plaintiff engaged in a long term interactive

19 process and a series of communications with EOPD staff, who

20 assisted plaintiff with searching for solutions to his inability

21 to perform the essential functions of his usual job and assisted

22 in coordinating a citywide search for an alternative position for

23 plaintiff.  No alternative position was available to plaintiff

24 and he was eventually separated from employment.

25     Defendant asserts that it did provide plaintiff with

26 reasonable accommodation when it was possible to do so, and that

27 it provided an interactive process as well as assistance and a

28 Joint Case Management Statement          -4-

1  citywide job search.  Allegations that discrimination occurred

2  and that it was on the basis of national origin, disability or

3  perceived disability, and that there was retaliation, are not

4  supported by the facts.

5      3.  **The Principal Issues Include**:

6      a. Whether plaintiff is a disabled employee;

7      b. Whether defendant perceived plaintiff as being disabled;

8      c. Whether defendant reasonably accommodated plaintiff's

9  disability and or perceived disability or medical condition;

10      d. Whether defendant discriminated/harassed plaintiff

11  because of plaintiff's national origin/ancestry, disability,

12  perceived disability or medical condition;

13      e. Whether defendant retaliated against plaintiff because of

14  plaintiff's disability and or perceived disability or medical

15  condition;

16      f.  Whether defendant retaliated against plaintiff because

17  plaintiff complained of discrimination;

18      g.  Whether defendant engage in a good faith interactive

19  process with plaintiff.

20      4.  **Legal Issues**:

21      The parties are not aware of the existence of any legal

22  issues.

23      5.  **Motions**:

24      Defendant may file a motion for summary judgment.

25      6.  **Amendment of Pleadings**:

26      The parties do not anticipate amending the pleadings.

27      7.  **Evidence Preservation**:

28  Joint Case Management Statement          -5-

1    Plaintiff is not aware of any special efforts that need to

2    be taken with respect to evidence preservation.

3    **8.   Disclosures:**

4    Plaintiff has served his initial disclosures in compliance

5    with Rule 26 (a) as agreed to by the parties.

6    **9.   Discovery:**

7    Plaintiff intends to conduct the following discovery:

8    Plaintiff intends to depose the following persons:

9    a.   The City of Oakland's PMK about the facts and reasons

10   relied on by the City of Oakland when it decided to lay plaintiff

11   off from work on or about May 27, 2005, and not allowed him to

12   return to work until on or about November 2005.

13   b.   The City of Oakland's PMK about the facts and reasons

14   relied on by the City of Oakland when it decided to reinstate

15   plaintiff to his regular job as a Gardener III Crew Leader on or

16   about November 2005.

17   c.   The City of Oakland's PMK about the facts and reasons

18   relied on by the City of Oakland when it decided to lay plaintiff

19   off work on or about February 2006, and why the City of Oakland

20   refused to allow plaintiff to return to work on his job as a

21   Gardener III Crew Leader, until July 2008.

22   d.   The City of Oakland's PMK about the facts and reasons

23   relied on by the City of Oakland when it decided not to allow

24   plaintiff to work as a Traffic Painter in August 2006.

25   e.   The City of Oakland's PMK about the facts and reasons

26   relied on by the City of Oakland when it decided not to allow

27   plaintiff to return to work as a Gardener III Crew Leader in

28   Joint Case Management Statement          -6-

1  August 2006.

2      f.   The City of Oakland's PMK about the facts and reasons

3  relied on by the City of Oakland when it decided not to allow

4  plaintiff to return to work as a Gardener III Crew Leader from

5  January 4, 2008 until on or about July 15, 2008.

6      g.   Plaintiff may take the deposition of JT2 Integrated

7  Resources Claims Administrator(s) who handled plaintiff's file.

8      h.   Plaintiff intends to depose Roy Morgan.

9      I.   Plaintiff intends to depose Dwight Sterling.

10     **Plaintiff intends to request the following documents**:

11     a.   Plaintiff will request all of the City of Oakland

12 documents and records relied on by the City of Oakland when it

13 decided to lay plaintiff off from work on or about May 27, 2005.

14     b.   Plaintiff will request all of the City of Oakland

15 documents and records relied on by City of Oakland when it

16 decided to reinstate plaintiff to his job as gardener II1, on or

17 about November 2005.

18     c.   Plaintiff will request all of the City of Oakland

19 documents and records relied on by the City of Oakland when it

20 decided not to allow plaintiff to return to work as a Gardener

21 III Crew Leader in August 2006.

22     d.   Plaintiff will request all of the City of Oakland

23 documents and records relied on by the City of Oakland when it

24 decided not to allow plaintiff to return to work as a Traffic

25 Painter in August 2006.

26     e.   Plaintiff will request all of the City of Oakland

27 documents and records relied on by the City of Oakland when it

28 Joint Case Management Statement          -7-

1 | decided not to allow plaintiff to return to work as Gardener III

2 | Crew Leader, until July 2008, after Dr. Fulton Chen released

3 | plaintiff to return to work on January 11, 2007.

4 |     f.   Plaintiff intends to complete discovery by January 30,

5 | 2009.

6 | **Defendant intends to conduct the following discovery:**

7 |     a.   Defendant may take the deposition of JT2 Integrated

8 | Resources Claims Administrator(s) who handled plaintiff's file.

9 | In the State Court action, defendant disclosed all of its

10 | internal personnel files related to plaintiff, per the parties'

11 | stipulation for Protective Order and Order.

12 |     b.   Defendant will continue the deposition of plaintiff,

13 | which was started on July 17, 2008, per agreement with

14 | plaintiff's counsel.

15 |     c.   Defendant intends to take the deposition of plaintiff's

16 | treating doctors and/or relevant medical examiners.

17 |     10.  **Class Actions**:

18 |     This is not a class action.

19 |     11.  **Related Cases**:

20 |      None.

21 |     12.  **Relief**:

22 |     Plaintiff is seeking $2,000,000.00 general damages;

23 | $180,000.00, for lost wages; undetermined amount for future wage

24 | loss; $1,000,000.00 punitive damages, and $50,000.00, attorney

25 | fees.

26 |     13.  **PROPOSED DEADLINES**:

27 |     The parties intend to complete discovery by February 30,

28 | Joint Case Management Statement        -8-

1  2009.

2       14.  ADR:

3       The parties have participated in mediation, but the case did

4  not settle at the mediation.

5       15.  TRIAL DATE:

6       This case will be ready for trial by August 30, 2009.

7       16.  TRIAL ESTIMATE:

8       Plaintiff estimates that the trial will last 10 days.

9       17.  Narrowing of Issues:

10      The parties are not award of any issues that can be narrowed

11      18.  Expedited Schedule:

12      This case need not be handled on an expedited basis with

13  streamlined procedures.

14      19.  Scheduling:

15      Designation of expert witnesses: March 30, 2009

16      Discovery cutoff: March 30, 2009

17      Hearing of dispositive motions: June 30, 2009.

18      Pretrial conference: July 30, 2009

19      Trial: August 30, 2009

20       20.  JURY DEMAND

21      Plaintiff timely demanded a jury trial.

22  Dated: September 8, 2008          LAW OFFICES OF MICHAEL C. COHEN

23                                    By: _____/S/_____
                                          MICHAEL C. COHEN,
24                                        Attorney for Plaintiff

25  Date: September 8, 2008           BERTRAND, FOX & ELLIOT

26                                    By: _____/S/_____
                                          Christine Lee,
27                                        Attorney for City of Oakland

28  Joint Case Management Statement         -9-